Jacob S. Wessel, ISB #7529
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
jwessel@thomsenstephenslaw.com

Attorneys for Plaintiff Billie Jo Murinko

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILLIE JO MURINKO, <br><br> Plaintiff, <br><br> v. <br><br> STINKER STORES, INC. <br><br> Defendant. | Civil Action No. CV-10-571 <br><br> COMPLAINT |

Plaintiff Billie Jo Murinko, for cause of action against defendant Stinker Stores, Inc., states and alleges as follows:

1. This court has jurisdiction pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938.

2. Plaintiff is a resident of Bonneville County, Idaho.

3. Defendant Stinker Stores, Inc. is a Idaho corporation registered to do business in Idaho with its principal place of business in Idaho Falls, Bonneville County, Idaho.

1 -   COMPLAINT

4. Defendant Stinker Stores, Inc. is an employer within the meaning of 29 U.S.C. § 203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), Fair Labor Standards Act of 1938.

5. On or about the 1st day of September, 2008, defendant employed plaintiff at first as a regular employee and later as an assistant manager in its Stinker Store convenience store in Idaho Falls. At all times relevant hereto plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 and 207, Fair Labor Standards Act of 1938.

6. At no time during the course of her employment was plaintiff an "exempt employee" within the meaning of 29 U.S.C. § 213, Fair Labor Standards Act of 1938.

7. During the course of plaintiff's employment, defendant paid plaintiff wages which constituted plaintiff's regular rate of pay within the meaning of 29 U.S.C. § 207(e), Fair Labor Standards Act of 1938. From February 18, 2008 until August 5, 2010, plaintiffs was paid an hourly rate of $8.25.

8. During the course of the plaintiff's employment with defendant, defendant regularly and consistently required plaintiff, as a condition of continued employment, to work in excess of 40 hours per week. Notwithstanding the fact that defendant required plaintiff to regularly and consistently work in excess of forty hours per week, defendant failed to pay plaintiff overtime compensation as required by 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938.

9. Defendant's failure to pay overtime compensation to plaintiff is a violation of 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 U.S.C. § 216(b), plaintiff is

entitled to recover from defendant the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

10. Defendant's violation of 29 U.S.C. § 207(a)(1) was a willful violation within the meaning of 29 U.S.C. § 255(a).

11. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as costs of the action.

Wherefore, plaintiff prays the judgment, order and decree of this court as follows:

1. For an award of damages in the amount of plaintiff's unpaid overtime wages, in accordance with 29 U.S.C. § 216(b), in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

3. For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. § 216(b); and

4. For such other and further relief as the court deems just and proper.

DATED this 17 day of November, 2010.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
Jacob S. Wessel, Esq.

3 -   COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 17 day of November, 2010.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
Jacob S. Wessel, Esq.

JSW
7665\001 Complaint

4 -   COMPLAINT